UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDUL-AZZIZ RAZZAK, JR.,

    *Plaintiff*,

v.

EXCALIBUR ASSOCIATES, INC.,

    *Defendant*.

Civil Action No. 23-3557 (TJK)

# ORDER

Plaintiff sued Defendant in late-November 2023 under Title VII of the Civil Rights Act of 1964 for religious discrimination. In January 2024, Defendant moved to dismiss and compel arbitration, arguing that Plaintiff was subject to the terms of a collective bargaining agreement ("CBA") that included a binding arbitration provision covering the claim at issue. Plaintiff argues that he is not bound by the CBA because despite signing an offer letter for a security guard position covered by the CBA, he never progressed to what the parties seem to agree was his "first day of regular work" because of the very dispute for which he now sues. *See* ECF No. 9-1 at 14; ECF No. 10 at 2.

The motion presents an unusual threshold issue. The D.C. Circuit has held that if, after considering a motion to compel arbitration, "a genuine dispute of material fact exists as to 'the making of the arbitration agreement,' including whether the parties assented to the agreement," then a court "should proceed summarily to trial solely on the issue of arbitrability." *Jin v. Parsons Corp.*, 966 F.3d 821, 827 (D.C. Cir. 2020) (citing 9 U.S.C. § 4).

The Court has not concluded that a trial on arbitrability is necessary here. Still, while the parties spill much ink in their briefing on whether the CBA's arbitration provision covers Title VII

claims and whether judicial estoppel bars Defendant's arguments, as the D.C. Circuit made clear in *Jin*, the Court must first address whether Plaintiff assented to the arbitration provision purportedly covering the dispute in the first place. *Jin*, 966 F.3d at 827; *see also Camara v. Mastro's Rests. LLC*, 952 F.3d 372, 373 (D.C. Cir. 2020) ("Before determining that the [Federal Arbitration Act] applies, the court must decide that the employee has agreed to arbitrate."). And this is, as the Circuit emphasized, "a matter of contract." *Jin*, 966 F.3d at 823 (quoting *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)). Neither party has sufficiently addressed, as a factual or legal matter, the issue of whether Plaintiff validly entered into a contract in which he agreed to the arbitration clause in question—in other words, whether he became a party to or bound by the CBA—including exactly how and when he did so.

The parties' arguments on this point are cursory and cite no case law addressing how and when a new hire may become bound by a collective bargaining agreement. Defendant fleetingly asserts that Plaintiff agreed to the terms of the CBA "[b]y accepting employment . . . including receipt of and acceptance of his offer letter and signing his new hire paperwork . . . ." ECF No. 10 at 2. But the "new hire paperwork" is not in the record, and Defendant cites no case for the proposition that an employee becomes party to a collective bargaining agreement merely upon signing an employment offer letter that references one. In fact, Defendant does not explain how Plaintiff knew about the arbitration provision or any of the CBA's other terms not mentioned in the letter, or whether, under contract law, he even needed to. Plaintiff briefly responds by arguing that, while the CBA *was* referenced in the offer letter he signed, according to that letter it would only "[b]ecome[] effective on [his] first day working for EAI."[1] ECF No. 9-1 at 14. But Plaintiff does

---

[1] The offer letter is less clear than Plaintiff's characterization. It states: "This position and all compensation/benefits are covered by the [CBA] and becomes effective on your first day

not satisfactorily address whether his signing of the offer letter or "new hire paperwork" demonstrated his general assent to the CBA, and its arbitration provision, nor does he discuss the issue with reference to contract law.

Accordingly, it is hereby **ORDERED** that by **August 20, 2024**, Defendant shall file supplemental evidence and briefing addressing whether Plaintiff entered into a contract in which he agreed to the arbitration clause at the center of this dispute—*i.e.,* whether he became a party to or bound by the CBA under contract law—and if so, how and when he did so; by **September 3, 2024**, Plaintiff shall file any supplemental evidence and briefing in response; and by **September 10, 2024**, Defendant shall file any reply.

It is further **ORDERED** that Defendant's Motion to Dismiss and Compel Arbitration, ECF No. 8, shall be **HELD IN ABEYANCE** pending receipt of the parties' supplemental briefing and evidence. *Cf*. *Jin*, 966 F.3d at 827. It is further **ORDERED** that, while the parties prepare and file these submissions, the case shall otherwise be **STAYED** until further order of the Court.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 30, 2024

---

working for EAI." ECF No. 8-2 at 6. Accordingly, on the face of the letter at least, it is Plaintiff's "position" that becomes "effective" on his "first day working" for Defendant, not necessarily the CBA itself.